1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DIA LOR,                                  No.  2:15-cv-1478 DB

12              Plaintiff,

13        v.                                   ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20   Plaintiff raises several procedural challenges to the Administrative Law Judge's decision.  For the

21   reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the

22   decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is

23   remanded for further proceedings consistent with this order.

24                          PROCEDURAL BACKGROUND

25        In September or October of 2005, plaintiff filed an application for Supplemental Security

26   Income ("SSI") under Title XVI of the Social Security Act ("the Act"), alleging disability

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 10 & 12.)

1

beginning on January 1, 2000.  (Transcript ("Tr") at 86, 847-53.)  On April 4, 2008, an

Administrative Law Judge ("ALJ") found that plaintiff was not disabled.  (Id. at 86-96.)  In

February of 2009, plaintiff filed a second application for SSI, again alleging disability beginning

on January 1, 2000.  (Id. at 185-88.)

However, on February 20, 2009, the Appeal Council remanded plaintiff's original case to

the ALJ for further proceedings.  (Id. at 706-09.)  On October 18, 2010, the ALJ again found that

plaintiff was not disabled.  (Id. at 713-24.)  On October 3, 2013, this court remanded the matter

back to the ALJ for further proceedings.  (Id. at 748-56.)

On February 10, 2015, plaintiff appeared at yet another administrative hearing before an

ALJ.  (Id. at 647-87.)  Plaintiff was represented by an attorney and testified at the administrative

hearing.  (Id. at 647-48.)  In a decision issued on May 8, 2015, the ALJ found that plaintiff was

not disabled.  (Id. at 631.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity
> since September 30, 2005 (20 CFR 416.971 *et seq.*).
>
> 2.  The claimant has the following severe impairments: major
> depressive disorder, posttraumatic stress disorder, personality
> disorder, mild degenerative changes and osteoporosis of the lumbar
> spine, and cervical spine strain (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of
> impairments that meets or medically equals the severity of one of
> the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
> (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, I find that the
> claimant has the residual functional capacity to perform medium
> work as defined in 20 CFR 416.967(c) except she could perform
> simple, repetitive tasks.
>
> 5.  The claimant has no past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on September 5, 1964 and was 44 years
> old, which is defined as a younger individual age 18-49, on the date
> the claimant's first Title XVI application was filed.  The claimant
> subsequently changed age category to closely approaching
> advanced age (20 CFR 416.963).
>
> 7.  The claimant is unable to communicate in English, and is
> considered in the same way as an individual who is illiterate in
> English (20 CFR 416.964).

2

8.  The claimant does not have transferable job skills because she has no past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.  The claimant has not been under a disability, as defined in the Social Security Act, since September 30, 2005, the date the claimant's first Title XVI application was filed (20 CFR 416.920(g)).

(Id. at 618-30.)

Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 9, 2015.  (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:   Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?   If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors:  (1) the Vocational Expert's Testimony conflicted with the Dictionary of Occupational Titles; (2) the ALJ's physical portion of the residual functional capacity determination was unsupported; and (3) the ALJ's mental portion of the residual functional capacity determination was unsupported.[2]  (Pl.'s MSJ (ECF No. 21) at 11-17.[3])

**I.     Dictionary of Occupational Titles**

Plaintiff argues that ALJ failed to reconcile a conflict between the testimony of the Vocational Expert and the Dictionary of Occupational Titles.  (Id. at 13.)  At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations.'"  Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala,

---

[2]  The court has reordered plaintiff's arguments for purposes of clarity and efficiency.
[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted).  The ALJ can meet her burden by either

2    taking the testimony of a Vocational Expert ("VE") or by referring to the grids.  See Lounsburry

3    v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006).  An ALJ may not rely on a VE's testimony

4    regarding the requirements of a particular job without first inquiring whether the testimony

5    conflicts with the Dictionary of Occupational Titles ("DOT").  Massachi v. Astrue, 486 F.3d

6    1149, 1152 (9th Cir. 2007); see also SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).  Where

7    a conflict exists, an "ALJ must then determine whether the vocational expert's explanation for the

8    conflict is reasonable and whether a basis exists for relying on the expert rather than the

9    Dictionary of Occupational Titles."  Massachi, 486 F.3d at 1153.

10       Here, the ALJ did instruct the VE to inform the ALJ of any conflicts between the VE's

11   testimony and the DOT.  (Tr. at 683.)  The VE proceeded to testify that a person with the residual

12   functional capacity identified by the ALJ, and of "the same age, education, and work history," as

13   the plaintiff, could perform the jobs of:  (1) hand packer (DOT 920.687-010); (2) kitchen helper

14   (DOT 318.687-010); and (3) machine packager (DOT 920.685-078).  (Id. at 683-85.)

15       The ALJ's decision found that the VE's testimony did not conflict with the DOT.  (Id. at

16   630.)  The ALJ's decision also relied on the VE's testimony and found that there are jobs in

17   significant numbers in the national economy that plaintiff can perform.  (Id.)  However, the ALJ's

18   decision also found that plaintiff was "unable to communicate in English, and is considered in the

19   same way as an individual who is illiterate in English."[4]  (Id. at 629.)  Each of the jobs identified

20   by the VE requires Level I Language Development, meaning that plaintiff must be able to "read

21   95 to 120 words a minute, recognize 2,500 two–to three– syllable words, and print simple

22   sentences."  Cortes v. Colvin, Case No. 2:15-cv-2277 (GJS), 2016 WL 1192638, at *2 (C.D. Cal.

23   Mar. 28, 2016).  But "[i]lliteracy means the inability to read or write."  20 C.F.R. § 416.964(b)(1).

24   ////

---

25   [4]  Plaintiff required a Hmong interpreter at the February 10, 2015 administrative hearing.  (Tr. at

26   649.)  "Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the

27   person may have in another language.  Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do.  It generally doesn't matter

28   what other language a person may be fluent in."  20 C.F.R. § 416.964(b)(5).

1    In this regard, the Level I Language Development "requirements, albeit basic, are

2    inconsistent with the English illiteracy that the ALJ found." Cortes, 2016 WL 1192638, at *2; see

3    also Donahue v. Barnhart, 279 F.3d 441, 445 (7th Cir. 2002) ("whoever wrote the Dictionary

4    believes that basic literacy (defined as a vocabulary of 2,500 words, the ability to read about 100

5    words a minute, and the ability to print simple sentences) is essential for every job in the

6    economy"); Cortes, 2016 WL 1192638, at *2 ("Here, a conflict existed, and the ALJ adduced no

7    evidence to explain why Cortes's English illiteracy did not bar her from holding the jobs of

8    kitchen helper and laundry worker.  Nor did the ALJ explain in her decision how she reconciled

9    the conflict. That was error."); Coria v. Commissioner of Social Sec., No. 1:13-cv-1643 SAB,

10   2014 WL 7178159, at *6 (E.D. Cal. Dec. 16, 2014) (remanding where "ALJ found that Plaintiff is

11   unable to communicate in English and neither the ALJ nor the VE addressed how this will impact

12   his ability to find and perform those jobs identified by the VE"); Turcios v. Astrue, No. C 07-

13   4668 CRB, 2008 WL 929122, at *9 (N.D. Cal. Apr. 4, 2008) ("the Court concludes that the ALJ

14   erred by relying on the vocational expert's testimony because he failed to 'elicit a reasonable

15   explanation' for the apparent conflict between the expert's testimony, the [DOT], and Turcios'

16   inability to read English").

17   Accordingly, plaintiff is entitled to summary judgment on her claim that ALJ failed to

18   reconcile a conflict between the testimony of the VE and the DOT.

19                                CONCLUSION

20   With error established, the court has the discretion to remand or reverse and award

21   benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

22   under the "credit-as-true" rule for an award of benefits where:

23            (1) the record has been fully developed and further administrative
              proceedings would serve no useful purpose; (2) the ALJ has failed
24            to provide legally sufficient reasons for rejecting evidence, whether
              claimant testimony or medical opinion; and (3) if the improperly
25            discredited evidence were credited as true, the ALJ would be
              required to find the claimant disabled on remand.
26

27   Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the

28   "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

                                          6

the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court is cognizant of the fact that plaintiff's application has been unresolved for over ten years. The court is also aware that plaintiff's motion for summary judgment raised additional claims, as noted above. Nonetheless, although the court has not address plaintiff's remaining claims, it has considered them and finds that, even if all the conditions for "credit-as-true" where met, the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act. Specifically, the court notes that record contains repeated concerns of malingering, secondary gain, and poor effort. (Tr. at 400, 402, 676-78, 958-59, 1347.) Even plaintiff's counsel acknowledged that she "malingered mental exams." (Pl.'s MSJ (ECF No. 21) at 7.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 24) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: March 7, 2017

DLB:6
DB\orders\orders.soc sec\lor1478.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7